**Thomas A. Carr**, OSB No. 212598
County Counsel
**Eamon McMahon,** OSB No. 153879
Assistant County Counsel
*tom_carr@co.washington.or.us*
*eamon_mcmahon@co.washington.or.us*
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendant Washington County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RIDWELL, INC, | Case No. 3:22-cv-00110-JR |
| Plaintiff, | |
| v. | **WASHINGTON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATION** |
| WASHINGTON COUNTY, OREGON, | |
| Defendant. | **(Pursuant to Fed. R. Civ. Proc. 72(b)(2))** |
| | ORAL ARGUMENT REQUESTED |

## I.      LR 7.1 CERTIFICATION

The undersigned counsel for defendant Washington County, Thomas A. Carr, certifies that he met with Plaintiff's attorneys Darin Sands, Gina Elliot and Erin Bernstein on May 25, 2022, via a video conference call and discussed each claim and defense. The parties were not able to resolve the issues raised in this objection.

## II.    LEGAL STANDARD

This Court's review is de novo.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

## III.    OBJECTION

### A.    The County Objects to the Findings and Recommendation to the Extent that the Court Denied the County's Motion to Dismiss

#### 1.    Plaintiff's Procedural and Substantive Due Process Claim Should be Dismissed Because Plaintiff did not Have a Protected Property Interest

The County's objection on whether Plaintiff has a protective property interest based on Plaintiff's right to an exemption from the County's certification requirement was raised in its prior motion; *see County's Motion to Dismiss* [ECF 12] at 11-12; but not addressed, nor reflected in the court's findings and recommendations.  *See* Findings & Recommendation [ECF 21] ("F&R") at 15.  "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."  *Kraft v. Jacka*, 872 F.2d 862, 866 (9th Cir. 1989); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  The F&R focused on the alleged loss of profits and goodwill.  *See* F&R at 15.  The F&R did not include an additional inquiry into whether Plaintiff had a right to the exemption from the County's certification requirement.  Plaintiff had only a unilateral expectation that the exemption would be approved, not an entitlement to the exemption.  "An entitlement to a government permit exists when a state law or regulation requires that the permit be issued once certain requirements are satisfied."  *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1019 (9th Cir. 2011).  Plaintiff applied for a certification exemption under the Washington County Code section 8.04.130(c).  Complaint [ECF 1] ¶¶ 39-40.  The code language is as follows:

> Other persons, practices, processes, businesses or wastes exempted by the board
> after receipt of a recommendation of the advisory committee on the basis of
> findings made after public hearing that the same is not necessary to the
> implementation of the county or a regional solid waste management plan.

WCC § 8.04.130(c).  The Complaint does not allege, nor could it allege, that Plaintiff had

anything more than a unilateral expectation to such an exemption.  The Code clearly provides the

Garbage and Recycling Advisory Board and the Board of County Commissioners broad

discretion to grant or deny an exemption.  Absent any entitlement, Plaintiff lacked a property

right in the exemption and therefore does not have a right protected by the Fourteenth

Amendment's Due Process Clause.  Accordingly, the F&R should have recommended dismissal

of the due process claims.

The cases cited in the F&R are not to the contrary.  *See* F&R at 15 (citing *Speed's Auto

Servs. Grp., v. City of Portland*, 2014 WL 2809825, at *5 (D. Or. June 20, 2014); *Westwood v.

City of Hermiston*, 787 F. Supp. 2d 1174, 1197 (D. Or. 2011).  In *Westwood*, the Court expressly

considered and found that the city had no discretion to deny a permit if the criteria were met.

*Westwood*, 787 F. Supp. 2d at 1196-97.  Similarly, in *Speed's Auto Services,* although the court

did not expressly discuss property interest, the Court relied upon *Wedges/Ledges of California,

Inc. v. City of Phoenix*, 24 F.3d 56, 64 (9th Cir. 1994).  In that case, the Ninth Circuit expressly

recognized the requirement that the party must have an entitlement to the benefit being sought.

*Id.*  Based on that requirement, here, absent any allegation to such an entitlement, Plaintiff's due

process claims should have been dismissed.

> **2.    Plaintiff's Procedural Due Process Claim Should be Dismissed Because
> Plaintiff had the Opportunity for Pre-Deprivation Judicial Review**

The F&R mischaracterized the remedy available to Plaintiff and should have also

recommended dismissal of the due process claims.  F&R at 14-15.  The F&R relied upon cases

that held that a post-deprivation tort remedy provided adequate due process when the alleged

violative act was random. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981); *Hudson v.

Palmer*, 468 U.S. 517, 533 (1984). Here, there were no allegations of random violations. In

contrast, Plaintiff had the right to pre-deprivation judicial review; Plaintiff's uncontested failure

to exercise those rights requires dismissal of the due process claims as well. "The availability of

a pre-deprivation hearing constitutes a procedural safeguard against unlawful deprivations

sufficient by itself to satisfy the Due Process Clause, and taxpayers cannot complain if they fail

to avail themselves of this procedure." *McKesson Corp. v. Div. of Alcoholic Beverages &

Tobacco*, 496 U.S. 18, 39 n.21 (1990); *Akshar Glob. Invs. Corp. v. City of Los Angeles*, 817 F.

App'x. 301, 305 (9th Cir. 2020) (discussing how due process claims failed because the plaintiff

had the opportunity to appear at the hearing).

Under Oregon law, Plaintiff had the right to seek a judicial writ of review within 60 days.

ORS §§ 34.020-34.030. Plaintiff also could have sought a stay, allowing it to continue to operate

during the pendency of the appeal. ORS § 34.070. It failed to do either and has now waived

those rights.

The Complaint further demonstrates how Plaintiff ignored the availability of pre-

deprivation judicial review and waived its rights. Plaintiff's request for exemption was denied

on October 5, 2021. Complaint ¶ 64. Although a county employee directed Plaintiff to stop

operating by October 21, 2021, the County did not issue a notice of non-compliance until

December 6, 2021. *Id.* ¶¶ 64-65. The County afforded Plaintiff the full 60 days to seek a writ of

review before issuing the notice of non-compliance. Plaintiff did not avail itself of the process

available, arguably has waived those rights, and therefore any procedural due process claims

should be dismissed.

### IV.    CONCLUSION

Washington County respectfully requests that the Court adopt the F&R except to the extent that the F&R denied the County's motion to dismiss the due process claims.

### V.    CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,080 words, including headings, footnotes, and quotations but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: May 31, 2022.

s/Thomas A. Carr
Thomas A. Carr, OSB No. 212598
County Counsel
tom_carr@co.washington.or.us
Eamon McMahon, OSB No. 153879
Assistant County Counsel
eamon_mcmahon@co.washington.or.us
Attorneys for Defendant Washington
  County