**DARIN M. SANDS**, OSB No. 106624
dsands@bradleybernsteinllp.com
ERIN BERNSTEIN* *admitted pro hac vice*
GINA ELLIOTT* *admitted pro hac vice*
**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
Telephone: 503.734.2480

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| RIDWELL, INC. | CASE NO.: 3:22-CV-00110-JR |
| PLAINTIFF, | |
| V. | RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |
| WASHINGTON COUNTY, OREGON, | REQUEST FOR ORAL ARGUMENT |
| DEFENDANT. | |

_____

### LR 7.1 Certification

The undersigned counsel for Plaintiff Ridwell, Inc., Darin M. Sands, certifies that

he met with Defendant's counsel Thomas A. Carr and Eamon McMahon on May 25,

2022, via a video conference call and discussed each objection raised herein. The parties

were not able to resolve the issues raised in the objection.

## I. INTRODUCTION

Plaintiff Ridwell, Inc. ("Ridwell") hereby objects to the Magistrate Judge's Findings and Recommendations on Defendant's Motion to Dismiss (Dkt. #21) for the following reasons. Ridwell's preemption claim and request for declaratory and injunctive relief present a justiciable controversy and are not moot because 1) Washington County's current recycling rules, as amended since Ridwell filed the lawsuit and amended again since the briefing on the Motion to Dismiss concluded, continue to restrict recycling and prioritize landfilling of certain materials in violation of state law; and 2) an explicitly temporary rule cannot shield a statute from the Court's review. In addition, Ridwell's claim of preemption may properly be heard by this Court because the state-law writ of review requirement is not applicable.

Ridwell does not repeat here the factual and legal background of this case, as presented in its Opposition to Defendant's Motion to Dismiss (Dkt. #17 at 4-6).

## II. RIDWELL'S PREEMPTION CLAIMS ARE NOT MOOT

As Ridwell described in its Opposition to Defendant's Motion to Dismiss, its claims for preemption and declaratory relief are not moot (Dkt. #17 at 7-11). Although Washington County has now passed two sets of amendments to its Solid Waste and Recycling Administrative Rules since Ridwell filed this lawsuit, neither amendment

PAGE 1 -    RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

resolves Ridwell's claim: state law does not permit a municipality to use its franchise

power to prohibit recycling not included in the franchise service. Ridwell's claim, that

Washington County's recycling laws are preempted by state law to the extent they

restrict recycling and do not prioritize reuse and recycling over disposal in the landfill,

therefore remains live.

The first amendment was passed by the Washington County Board of

Commissioners four days after Ridwell filed the instant case. Washington County

named the new rule "Temporary Rules":

> Notwithstanding any other provision in these rules, a person
> may temporarily collect source separated recyclable material
> from residential generators for a fee that is not designated or
> allowed to be collected for recycling by a certificate holder
> by these rules so long as the material is appropriately
> recycled or reused. The person must cease collection if a
> certificate holder is authorized to collect any such recyclable
> materials.

(Dkt. #18 Exh. 4, at 60-61)[1]. As stated in the memorandum accompanying the

Temporary Rules, Washington County staff was at that time "work[ing] with the

garbage and recycling collection service providers to develop additional recycling

---

[1] Page numbers refer to the ECF page numbers at the top of the PDF.

PAGE 2 -      RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATIONS

collection program offerings," and stated that upon the development of those additional offerings the temporary rule "*will* be repealed." (*Id.* at 21 (emphasis added)).

The second set of amendments was made on April 26, 2022, after the briefing of the Motion to Dismiss in this case concluded, and consisted of a modification of Washington County's Solid Waste and Recycling Administrative Rules to create an "Additional Recycling Collection Service" that will be provided *exclusively* by the franchise waste haulers starting July 1, 2022. (RFJN Exh. 1, at 39-40.) That Additional Recycling Collection Service adds four new categories of materials to the franchise haulers' county-issued monopoly: compact fluorescent lightbulbs, plastic film, textiles, and plastic clamshells (the "Additional Recycling Materials"). *Id.* These materials will only be collected from a subset of Washington County residents (urban residential customers and households in buildings with four or fewer units), at an additional cost per collection. Larger multi-family dwellings will not immediately have the option of having these materials collected.[2]  There is no plan for rural communities to have an opportunity to have their materials collected.

---

[2] Multi-family collection of Additional Recycling Materials is set to begin on July 1, 2023.

PAGE 3 -    RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

a.   A CURRENT CONTROVERSY EXISTS

Once the Additional Recycling Collection Service goes into effect, the Additional

Recycling Materials will no longer be in the "safe harbor" of the Temporary Rules, and

Ridwell will no longer be able to lawfully collect these four categories of materials

anywhere in Washington County—even from those customers, like rural and multi-

family urban households, who cannot utilize the Additional Recycling Collection

Service. *See id.* at 53 (Temporary Rules). As an example, an organization like Ridwell

will be prohibited from collecting plastic clamshells for recycling from a rural customer,

even though the franchise waste haulers are not doing such collection. And there are

also still numerous materials that could be collected for reuse and recycling – including

materials Ridwell currently collects, such as Styrofoam – that will not be recycled by

franchisees.

A live claim or controversy therefore currently exists between the parties: the

heart of Ridwell's preemption claim is that state law only authorizes the use of franchise

authority if the franchise regulations result in allowing recycling to be prioritized over

landfilling. The Additional Recycling Collection Service do not resolve this issue

because Washington County continues to prohibit non-franchisees from collecting the

Additional Recycling Materials for recycling even from households who are not offered the franchise Additional Recycling Collection Service.

      b.   THE TEMPORARY RULES DO NOT MOOT THE CLAIMS

Nor do the current existence of the Temporary Rules moot Ridwell's preemption claims. First, as described above, the Temporary Rules and the Additional Recycling Collection Service continue to restrict recycling by preventing anyone (whether a franchise hauler or company like Ridwell) from collecting Additional Recycling Materials from multi-family or rural households. And second, explicitly *temporary* rules cannot moot Ridwell's claim as it relates to the collection of materials not included in the Additional Recycling Collection Service.

As the Findings and Recommendations note, "temporary actions that accommodate the injunctive relief requested do not generally moot an otherwise valid claim for such relief." (Dkt. #21 at 8 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983))). The Magistrate Judge apparently believed this case was an exception to this rule because "the temporary rule anticipates a permanent rule authorizing collection of recyclables not currently gathered by franchisees and the temporary rule will remain in place until that time." *Id.* With the benefit of the passage of the permanent rule, however, we can see the flaw in this logic. Unlike the temporary rule, the permanent rule *does not* cover all materials not collected by franchisees: it adds four discrete categories of materials to the safe harbor

PAGE 5 -     RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

of the franchise, and bans Ridwell from continuing to collect the same, while not requiring franchisees to collect those materials from rural unincorporated Washington County or from multi-family households.  Worse yet, it leaves additional materials, such as Styrofoam, to be channeled away from Ridwell and into the landfill once the Temporary Rules are rescinded and companies such as Ridwell are banned from collecting the same.

The current controversy will therefore only further expand upon the promised repeal of the Temporary Rules. At that time, it will once again be unlawful for individuals to collect materials for recycling or reuse without a franchise certificate, even if those materials are not included in the franchise. *See* WCC 8.04.120. Washington County has not met its "formidable burden" of showing that the explicitly temporary rule will not be rescinded, further widening the current controversy. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

If Ridwell's claims are dismissed as moot on the basis that the Temporary Rules are currently in effect and the Additional Recycling Collection Service provides for collection of some additional materials, recycling will continue to be restricted in unincorporated Washington County and materials that can be collected for recycling will instead be sent to the landfill.  Washington County will also be able to repeal the Temporary Rules at any time – providing greater protections to the franchise haulers at the expense of further

PAGE 6 -        RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

restricting recycling - and reinstate it at any time to evade further review by the courts. This is why a law instated post-litigation that "by its terms is not permanent" does not moot a case. *See City of Los Angeles*, 461 U.S. at 101. Ridwell's claims should not be dismissed on mootness grounds.

### III.    A WRIT OF REVIEW WAS NOT AN AVAILABLE OR NECESSARY PROCEDURE

The Findings and Recommendation recommend dismissing Ridwell's first and fourth claims on the basis that Ridwell should have sought review of the Garbage and Recycling Advisory Council's ("GRAC") decision using the state writ of review procedure rather than bringing a preemption claim in this Court. Washington County did not even move for dismissal on this ground and so Ridwell has not had an opportunity to brief the issue until now. But as explained here, the Findings and Recommendation misunderstand Ridwell's claim and incorrectly recommend dismissal on procedural grounds. Ridwell's claim for preemption could not have been brought through a writ of review, which is reserved for review of quasi-judicial decisions. Its claims should not be dismissed.

In its first claim, for preemption, Ridwell challenges Washington County's statutory scheme on both a facial and as-applied basis. (*See* Compl. ¶¶ 73-80.) Ridwell's fourth claim for declaratory relief is based on that preemption claim. (*Id.* ¶¶ 96-100.) It is

**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20th Ave., Suite 201
Portland, OR 97201

not the case that "Ridwell does not take issue with WCC § 8.04.120 per se." (Findings &
Recommendations, Dkt. #21, at 11.) Ridwell argues that Washington County's statutory
scheme, on its face, is preempted by state law because it prohibits anyone other than
franchise certificate holders from collecting materials for recycling for compensation,
even when those materials are not collected for recycling by franchise certificate
holders. (*Id.* ¶¶ 73-79.) The existence of a potential exemption to the certificate
requirement does not prevent the scheme from being facially preempted. But Ridwell's
as-applied challenge makes clear that, in Ridwell's particular case, the exemption
procedure did not save the scheme because it was applied to prohibit the collection for
reuse or recycling of materials that would otherwise be sent to the landfill. (*Id.* ¶ 80.)

Oregon's writ of review process does not apply to this type of facial and as-
applied challenge to the validity of an ordinance. The writ of review is the sole method
to seek review of the decision or determination "by any inferior court, officer, or
tribunal," ORS 34.020, which was "excercis[ing]. . . judicial or quasi-judicial functions,"
ORS 34.040(1). As summarized by the Court of Appeals, "the type of decision that is
subject to review under ORS 34.010 to 34.102 is a decision that applies standards to
particular facts in ways that cause injury to 'a substantial interest' of the plaintiff."
*Spivak v. Marriott*, 213 Or. App. 1, 12 (2007) (quoting ORS 34.040(1)). Ridwell's claims for

PAGE 8 -    RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATIONS

preemption and declaratory relief are not challenging a quasi-judicial decision: Ridwell

does not challenge the GRAC's decision on its exemption request through these claims;

rather, it challenges the statutory scheme as a whole as preempted by state law.

The relief sought by Ridwell further confirms that a writ of review was not the

appropriate procedure here. Oregon courts have barred plaintiffs from pursuing claims

for declaratory relief that could have been brought under a writ of review "because

when plaintiffs 'seek substantially the same relief'" that they would receive under a

writ of review in the subsequent declaratory judgment action, "adjudicating the

subsequent action can 'result in a *de novo* review of the hearing officer's decision[,] in

contravention of' the writ of review statutes." *Doe v. Univ. of Oregon*, No. 6:17-CV-01103-

AA, 2018 WL 1474531, at *7 (D. Or. Mar. 26, 2018) (quoting *Pangle v. Bend-Lapine Sch.

Dist.*, 169 Or. App. 377, 834-84 (2000)) (alterations in *Doe*). Here, Ridwell does *not* seek

"substantially the same relief" as it could have sought under a writ of review.

Through a writ of review, Ridwell could have sought reversal of the GRAC's

decision and the granting of an exemption to the certificate requirement under WCC

§ 8.04.130(c). But Ridwell does not seek such an exemption through this action. Instead,

it seeks a declaration that Washington County's solid waste and recycling laws and

administrative code are unlawfully preempted by state law to the extent they prevent

PAGE 9 -    RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATIONS

maximal reuse and recycling. It also seeks an injunction to allow it to operate because the laws that would prevent it from doing so are preempted. Ridwell could not get this relief through a writ of review, which would be limited to reviewing the "quasi-judicial" decision of the GRAC to deny Ridwell an exemption to the certificate requirement. *See* ORS 34.020, 34.040(1). Because a writ of review is not the appropriate procedure here, Ridwell's preemption and declaratory relief claims should proceed in this Court.

Ridwell respectfully requests that the Court deny Defendant's Motion to Dismiss as to all claims.

Dated: May 31, 2022.

*s/ Darin M. Sands*
DARIN M. SANDS, OSB NO. 106624
ERIN BERNSTEIN, ADMITTED PRO HAC VICE
GINA ELLIOTT, ADMITTED PRO HAC VICE

PAGE 10 -    RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,111 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20th Ave., Suite 201
Portland, OR 97201