**Thomas A. Carr**, OSB No. 212598
County Counsel
**Eamon McMahon,** OSB No. 153879
Assistant County Counsel
*tom_carr@co.washington.or.us*
*eamon_mcmahon@co.washington.or.us*
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendant Washington County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RIDWELL, INC, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON COUNTY, OREGON, <br><br> Defendant. | Case No. 3:22-cv-00110-JR <br><br> **WASHINGTON COUNTY'S RESPONSE TO RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATION** |

### I.    RESPONSE

Washington County respectfully requests that the Court reject Plaintiff's Objection to Judge Russo's Findings and Recommendations, accept Washington County's and Dismiss the Complaint. Plaintiff's Objection misstates the clear language of Washington County's Rules. Plaintiff can continue to operate in Washington County after July 1, 2022, albeit in fewer areas. This reflects a legislative policy choice by the Washington County Board of Commissioners to create a comprehensive program for

additional recycling. In the urban unincorporated areas of Washington County, Customers will be offered expanded recycling opportunities, therefore fulfilling the purpose and language of state law and further undermining Plaintiff's basic premise that the County is somehow limiting recycling.

## I. The Court appropriately recommended dismissal of Plaintiff's preemption claims.

### a. Plaintiff's preemption claims are moot.

Plaintiff's objection regarding mootness is based entirely on the assumption that the Board will take an action that it has not taken – repeal the temporary rule that allows Ridwell to operate without a certificate. Since the Board has not repealed the rule and has shown no inclination to do so, Plaintiff's claims are moot. "Legislative changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislative body possesses the power to reenact the statute after the lawsuit is dismissed." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000). The Ninth Circuit has also stressed that voluntary cessation by a legislative body should be given deference:

> [L]egislative actions should not be treated the same as voluntary cessation of challenged acts by a private party, and . . . we should assume that a legislative body is acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire. Therefore, in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it.

*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019)

Plaintiff's Objection assumes, without any basis, that on July 1, 2022, when the additional recycling program goes into effect it will be out of business. This is not consistent with the plain language of the rules adopted by the Board. The "temporary" rule remains in effect. Plaintiff's Second Motion for Judicial Notice, Exhibit 1 [ECF 26] at 51. The new additional recycling program applies only in the urban unincorporated area of the County. *Id.* at 40-41. Thus, nothing prevents Plaintiff from operating in incorporated cities and the rural unincorporated areas of the county. Also, the additional recycling program will not be available to urban multi-family households until July 1, 2023. *Id.* at 46. Plaintiff can continue to provide service to those households. Finally, the additional recycling program applies only to plastic film, plastic containers, textiles, and light bulbs. *Id.* at 41. The County is in the process of creating a comprehensive, county-wide additional recycling service. As of July 1, 2022, there will be a regulated, authorized, and comprehensive service available to residential customer in urban unincorporated Washington County. Plaintiff will be permitted to continue unregulated, non-certificated service in other areas and for other materials.

Courts have long recognized the need for local government flexibility in waste management. *See California Reduction Co. v. Sanitary Reduction Works*, 199 U.S. 306 (1905); *Gardner v. Michigan*, 199 U.S. 325 (1905). "The challenges associated with sanitary waste disposal have not diminished in the last ninety years. Local governments have continued to shoulder the primary responsibility for solving waste disposal problems—a role that has been recognized by Congress." *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1293 (2d Cir. 1995). Writing over 115 years ago Justice Harlan summarized the question succinctly:

Page 3 of 7 – WASHINGTON COUNTY'S RESPONSE TO RIDWELL'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATION

> [T]he Board had before them a most difficult problem—unsolved by experience or science—as to the best or most appropriate method of protecting the public health in the matter of the disposal of the garbage, refuse and other materials found on private premises, and in hotels, restaurants and like places. The State, charged with the duty of safeguarding the health of its people, committed the subject to the wisdom and discretion of the Board of Supervisors. The conclusion it reached appears in the ordinances in question, and the courts must accept it, unless these ordinances are, in some essential particular, repugnant to the fundamental law.

*California Reduction*, 199 U.S. at 320–21 (citation omitted). The Board chose a solution that allows Plaintiff to continue to operate, without regulation, while initiating a program that offers a comprehensive program of additional recycling through regulated and certificated haulers.

Plaintiff's assertion that there is a clear intent to repeal the temporary rule relies on a misreading of an April 26, 2022, staff memorandum. *See* Plaintiff's Motion for Judicial Notice [ECF 18] at 21. The memorandum states that the rule will be repealed when "additional" programs are adopted. The additional recycling program adopted in April 26, as Plaintiff notes, covers only a limited portion of Washington County. Accordingly, when the Board approved the initial phase of the Recycle+ program, it left the temporary rule in place. Plaintiff's Second Motion for Judicial Notice, Exhibit 1 [ECF 26] at 51. Plaintiff's preemption claims are moot, and the Court should therefore accept Judge Russo's recommendation that those claims be dismissed.

### b. Judge Russo appropriately determined that Plaintiff's preemption claims should have been brought through a writ of review.

Judge Russo recognized that "Ridwell does not take issue with WCC § 8.04.120 per se." Findings and Recommendations [ECF 21] at 11. Plaintiff's argument to the contrary ignores the allegations in its own Complaint [ECF 1], which makes clear that

Plaintiff objects not to the County Code, but to the County's interpretation and application of the code. *See, e.g.,* Complaint ¶ 79 ("To the extent that Washington County ***interprets*** its municipal code to prohibit what the state law not only permits but requires— the collection and reuse and recycling of as many materials as possible— that ***interpretation*** renders the municipal code invalid as preempted by state law.") (emphasis added). Although the complaint alleges a "facial" challenge to the County Code, even that allegation is based not on the code itself, but on the County's application of the code:

> 97. Defendant Washington County contends that WCC 8.04.120 allows it to bar companies from contracting with consumers to pick up for recycling materials that its franchisee recyclers do not recycle.
>
> 98. If so, WCC 8.04.120 is facially preempted by state law. Further, to the extent interpretation and application of the County's franchise certificate regulations exceeds the limited authority granted in ORS 459A.085 and conflicts with state law, that interpretation and application is also preempted by state law.

Complaint ¶¶ 97-98. In any event, the plain language of the writ of review statute allows for either a facial or an as applied challenge:

> The writ [of review] shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal ... in the exercise of judicial or quasi-judicial functions appears to have:
>
> > (a) Exceeded its jurisdiction; . . . [or]
> > (d) Improperly construed the applicable law . . . .

Or. Rev. Stat. § 34.040(1)(a); (d). The writ of review statute not only allows such a challenge, it mandates the writ as the exclusive remedy for any such challenge:

> any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, ***and not otherwise***.

Or. Rev. Stat. § 34.020 [emphasis added]. Even the *Doe* decision cited by Plaintiff recognized the writ as the exclusive remedy in such cases: "Oregon courts have interpreted § 34.020's use of "and not otherwise" to mean plaintiffs cannot seek review of a quasi-judicial decision like a suspension or expulsion through a request for a declaratory judgment." *Doe v. Univ. of Oregon*, No. 6:17-CV-01103-AA, 2018 WL 1474531, at *7 (D. Or. Mar. 26, 2018) (citing *Pangle v. Bend-LaPine Sch. Dist.*, 169 Or. App. 376, 384, 10 P.3d 275, 280 (2000)).

### c. In the alternative, the Court should dismiss the preemption claims for the reasons stated in Washington County's Motion to Dismiss

If the Court determines that Plaintiff's preemption claims are not moot, those claims still should be dismissed because state law does not preempt Washington County from regulating recycling as explained in Washington County's Motion to Dismiss [ECF 12] at 5-12 and in Washington County's Reply [ECF 20] at 2-4.

## II. CONCLUSION

Washington County respectfully requests that the Court adopt the Findings and Recommendations except to the extent that the Findings and Recommendations denied the County's motion to dismiss the due process claims.

### III. CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1633 words, including headings, footnotes, and quotations but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: June 14, 2022.

> *s/Thomas A. Carr*
> Thomas A. Carr, OSB No. 212598
> County Counsel
> *tom_carr@co.washington.or.us*
> Eamon McMahon, OSB No. 153879
> Assistant County Counsel
> *eamon_mcmahon@co.washington.or.us*
>   Attorneys for Defendant Washington
>   County