**DARIN M. SANDS, OSB No. 106624**
dsands@bradleybernsteinllp.com
ERIN BERNSTEIN* *admitted pro hac vice*
GINA ELLIOTT* *admitted pro hac vice*
**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
Telephone: 503.734.2480

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RIDWELL, INC. | CASE NO.: 3:22-CV-00110-JR |
| PLAINTIFF, | |
| v. | RIDWELL'S RESPONSE TO WASHINGTON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |
| WASHINGTON COUNTY, OREGON, | REQUEST FOR ORAL ARGUMENT |
| DEFENDANT. | |

I. INTRODUCTION

Defendant Washington County objects to the Magistrate Judge's Findings and Recommendations on Defendant's Motion to Dismiss (Dkt. #21) on two grounds: it argues Ridwell did not have a protected property interest in its right to an exemption from the County's certificate requirement and that Ridwell's due process claims fail because it had an opportunity for pre-deprivation review.  Both arguments lack merit, and the motion to dismiss the due process claims should be denied.

II. The FINDINGS AND RECOMMENDATIONS CORRECTLY DENIED WASHINGTON COUNTY'S MOTION TO DISMISS RIDWELL'S DUE PROCESS CAUSE OF ACTION

A. The Findings and Recommendation Correctly Found Ridwell to Have Adequately Alleged the Deprivation of a Protected Property Interest

In its objection to the Magistrate Judge's Findings and Recommendations on Defendant's Motion to Dismiss (Dkt. #21), Washington County fails to recognize that there are three separate property interests impacted by the Garbage and Recycling Advisory Committee's ("GRAC") denial of Ridwell's exemption application—business goodwill, the right to do business in Washington County, and the right to an exemption where recommended by the staff, absent independent fact-finding by the GRAC.  Each is sufficient to support a finding that Ridwell has adequately alleged a constitutionally property interest.  Yet Washington County's brief objecting to the Findings and

PAGE 1 -   RIDWELL'S RESPONSE TO WASHINGTON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

Recommendations focuses entirely on only one of those three property interests, and neglects to address either the case law or the Findings and Recommendations' findings related to business goodwill and the right to do business.

Washington County's Objection entirely ignores the central portion of *Westwood v. City of Hermiston*, 787 F. Supp. 2d 1174 (2011), cited by Ridwell in its Response to Defendant's Motion to Dismiss. *Westwood* explicitly notes that, because Oregon state law recognizes a property right in business goodwill, deprivation of business goodwill is—in itself— a sufficient property interest to support a federal procedural due process claim. *Id.* at 1197. Although the plaintiff in that case did not ultimately prevail on the procedural due process claim as based on deprival of goodwill, the court based its grant of summary judgment against plaintiffs on their failure to identify a factual basis for that claim. In contrast, at this stage in the proceedings, Ridwell has adequately pled deprivation of its business goodwill. *See* Compl. at ¶¶ 84-87, 95.

Nor does Washington County's brief grapple at all with *Dittman v. California*, 191 F.3d 1020 (9th Cir. 1999), which establishes that enactments that wholly prevent operation of a business within the jurisdiction may violate a protected property right to do business, *id.* at 1029 (finding law that completely barred chosen business practice

PAGE 2 -   RIDWELL'S RESPONSE TO WASHINGTON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

affected procedural due process rights); *see also* Findings and Recommendations, Dkt. #21, at p. 15.  Ridwell's complaint separately alleges that the GRAC's actions entirely prevented its operation in Washington County.  Compl. at ¶¶ 64-67.  This provides a separate basis, unchallenged by Washington County, for Ridwell's procedural due process claim.

Finally, Ridwell had a property interest in the exemption itself.  Whether the code creates a property interest in a franchise certificate or an exemption from requiring a certificate turns on whether there is a significant substantive restriction on the decision. *See Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 63 (9th Cir.1994). Washington County's Objections to the Findings & Recommendations relies upon the language of Washington County Code § 8.04.130(c).  Dkt. #23 at p. 3.  However, that code section supports Ridwell's position. The GRAC must recommend an exemption if there are "findings made that the [exemption] is not necessary to the implementation of the …waste management plan."  Wash. County Code § 8.04.130(c).

Thus, the county staff recommendation created an entitlement to the exemption, so long as its factual findings were not contradicted or overturned by the GRAC. *See, e.g.*, *Holman v. City of Warrenton*, 242 F. Supp. 2d 791, 805 (D. Or. 2002).  Ridwell's

PAGE 3 -   RIDWELL'S RESPONSE TO WASHINGTON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

Complaint alleges that no such contradictory findings were made.  Complaint at ¶¶ 51-53.  Indeed, had any such findings existed, Washington County surely would have requested judicial notice of them.  Because the only substantive restriction on recommending an exemption was making contradictory findings, which the GRAC did not do, Ridwell maintained a property interest in the exemption.

### B.  The Findings and Recommendations Correctly Declined to Apply *Parratt* or Otherwise Require State Court Review of Ridwell's Federal Due Process Claims

The Findings and Recommendations correctly concludes that there is no requirement that Ridwell have exhausted state remedies before bringing its due process claims.  Washington County, in its objection, faults the Findings and Recommendations for relying on *Parratt v. Taylor*, 451 U.S. 572 (1981), in its evaluation of whether Ridwell was required to exhaust state court review.  Dkt. #23 at pp. 3-4.  Yet *Parratt* was the only federal case cited by Washington County in support of its contention that Ridwell was required to file a state court writ action before it could avail itself of a federal forum to hear its federal due process claim. *See* Dkt. #12 at pp. 10-11.

As the Findings and Recommendations noted, *Parratt* only applies where the government's conduct in depriving a plaintiff of liberty or property is "random and

unauthorized." *See Parratt*, 451 U.S. at 535–44; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As the United States Supreme Court has repeatedly held, an action is only random and unauthorized where the conduct was unforeseeable, was "unauthorized and executed in violation of state procedure," and where "pre-deprivation procedures would have been impracticable under the circumstances." *Zinermon v. Burch*, 494 U.S. 113, 136–38 (1990).  If the deprivation is deemed random and unauthorized, "availability of an adequate post-deprivation remedy precludes relief because it affords constitutionally sufficient procedural due process." *Edwards v. Staton*, No. 3:14-CV-00531-AC, 2015 WL 350635, at *4 (D. Or. Jan. 26, 2015).

Ridwell's complaint alleges that Washington County deprived it of its property and business goodwill because of an *official, planned* action of a government body, not a "random and unauthorized" deprivation caused by a rogue actor.  Where a body of government officials act under the authority of procedures, regulations, or statutes designed to control their actions, "the considerations underlying *Parratt* are simply inapplicable."  *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1482 (9th Cir. 1989), *opinion amended on denial of reh'g*, 882 F.2d 1398 (9th Cir. 1989) *(*quoting *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985) (en banc)).  Accordingly, the Findings

and Recommendations correctly concluded both that *Parratt* does not apply here, and that Ridwell may bring a section 1983 claim for due process against Defendant without first bringing a state court action.

Finally, in its objection to the Findings and Recommendations, Washington County relies on two cases— *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 39 n.21 (1990), and *Akshar Global Investments Corp. v. City of Los Angeles*, 817 F.App'x. 301, 305 (9th Cir. 2020)—neither of which were briefed in its Rule 12(b)(6) motion or in its reply brief. These cases are inapposite, as they address the merits of whether a procedure was sufficient, rather than whether state court exhaustion of claims is required before bringing federal due process claims. In any event, such arguments have been waived by Washington County's failure to raise them in its initial motion.

Dated: June 14, 2022.

                                                      *s/ Darin M. Sands*

                                                      DARIN M. SANDS, OSB NO. 106624

                                                      ERIN BERNSTEIN, ADMITTED PRO HAC VICE

                                                      GINA ELLIOTT, ADMITTED PRO HAC VICE

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1201 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.